IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH H. RICHARDSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:07-CV-2038-K (BH) |
| | ) | ECF |
| PROCTOR AND GAMBLE, | ) | Referred to U.S. Magistrate Judge |
| et al., | ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On December 5, 2007, Plaintiff commenced the instant action against six unrelated defendants: (1) Proctor and Gamble; (2) Colgate-Palmolive; (3) the United States Food and Drug Administration (FDA); (4) Don Miguel Mexican Foods Inc.; (5) Starflake Foods Co. Inc.; and (6) General Mills and Pillsbury Co. (Compl. at 1-8.) He premises this action in part on the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 332 through 334. (*Id.* at 1-2.)

Plaintiff sues Defendants Proctor and Gamble and Colgate-Palmolive for fraud, gross negligence and "extreme mental distress" arising from the use of fluoride in their toothpaste. (*Id.* at 1-2, 6.) He alleges that these Defendants engaged in fraud by stating that fluoride is "good for one's teeth" so as to induce people to buy it. (*See* Answers to Questions 4 and 5 of MJQ.)[1] He also

---

[1] In an effort to flesh out Plaintiff's claims, the Court sent him a Magistrate Judge's Questionnaire (MJQ). Plaintiff returned the MJQ on January 11, 2008. His answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

claims that these Defendants have caused him extreme mental distress because (1) like most other people, he does not read labels on toothpaste; (2) although he had perfect teeth, his teeth started falling out; (3) his hair has fallen out; and (4) his daughter is forty-years old and bald. (*See* Answer to Question 10 of MJQ.) According to Plaintiff, fluoride is known to cause such problems. (*Id.*) Plaintiff does not identify how he has been damaged by the alleged gross negligence but instead relies on the doctrine of res ipsa loquitur to support such claims. (*See* Answer to Question 11 of MJQ.)

Plaintiff sues the FDA for fraud, gross negligence, alleged and violations of his right to freedom of speech. (*Id.* at 1-3, 6.) He alleges that the FDA has prevented him from telling others about cures for various diseases and practicing medicine without a license. (*Id.* at 2-3, 6-7.) Plaintiff alleges that the FDA "is the worst fraudster" in that it suppresses natural cures in favor of drugs and surgery. (*See* Answer to Question 6 of MJQ.)

Plaintiff's claims against the last three Defendants relate to the use of trans-fat and beef fat in their products. (*Id.* at 3-5.) He claims that Defendant Don Miguel Mexican Foods Inc. has engaged in fraud by stating that it uses "only good ingredients" when they have trans-fat, beef fat, and lard in its foods. (*See* Answer to Question 7 of MJQ.) Defendant Starflake Foods Co. Inc. has allegedly engaged in fraud "by using transfat" in its products. (*See* Answer to Question 8 of MJQ.) Plaintiff alleges that Defendant General Mills and Pillsbury Co. has engaged in fraud by having "one of the highest amounts of transfat" in its food. (*See* Answer to Question 9 of MJQ.) Plaintiff also alleges claims of gross neglience against these defendants.

Plaintiff indicates that he has received no written denial of his claims of fraud and gross negligence from the FDA or any other defendant. (*See* Answer to Question 13 of MJQ.) He seeks monetary damages and injunctive relief. (*Id.* at 6.) No process has been issued in this case.

2

## II. JOINDER OF DEFENDANTS

Plaintiff attempts to justify joinder of the six unrelated defendants in this action by alleging that they each acted in the same manner by hiding the truth from him and the public. (*See* Answer to Question 1 of MJQ).

Federal Rule of Civil Procedure 21 permits the Court to sua sponte drop a party on such terms as are just and to sever any claim. Rule 20(a)(2) provides that defendants may be joined in a single action if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Review of the Plaintiff's complaint and answers to the MJQ reveals that Plaintiff has sued unrelated defendants in violation of Rule 20(a)(2). Although some common questions of law or fact may arise in this action, Plaintiff has asserted no right to relief against the six defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff's claims relate to diverse transactions or occurrences involving the various defendants.

The Court has broad discretion when deciding whether to sever parties or claims and may do so when they are "misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Because plaintiff has improperly joined the six defendants together in this one action, the Court may sever the claims against them or drop them as

parties[2] under Fed. R. Civ. P. 21 on such terms as are just. At this early stage of the litigation, it appears just to drop all defendants from this action except for the first named defendant, Proctor and Gamble.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court drop all defendants from this action pursuant to Fed. R. Civ. P. 21, except for Defendant Proctor and Gamble, and that it advise Plaintiff that he must pursue litigation against any dropped defendant in a separate civil action commenced by filing a civil complaint in the proper court.

**SIGNED this 22nd day of January, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that improperly joined parties are dropped, and if Plaintiff desires to pursue litigation against them, he must pursue such litigation in a separate action filed in the proper court.