IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH H. RICHARDSON,  )<br>  Plaintiff,  )<br>vs.  )<br>  )<br>PROCTOR AND GAMBLE,[1]  )<br>  Defendant.  ) | No. 3:07-CV-2038-K (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On December 5, 2007, Plaintiff commenced the instant action against Proctor and Gamble (P&G) and five unrelated defendants. The Court thereafter found that Plaintiff had improperly joined the other five defendants and sua sponte dropped them from the case pursuant to Fed. R. Civ. P. 21. Plaintiff alleges that diversity of citizenship provides the jurisdictional basis for this action. (*See* Answer to Question 3 of MJQ.)[2]

Plaintiff sues P&G for fraud, gross negligence, and "extreme mental distress" arising from the use of fluoride in its toothpaste.[3] (Compl. at 1-2, 6.) He alleges that P&G engaged in fraud by

---

[1] Because the Court previously dropped all parties other than Proctor and Gamble from this case pursuant to Fed. R. Civ. P. 21, the caption is modified to delete the reference to *et al.*

[2] In an effort to flesh out Plaintiff's claims, the Court sent him a Magistrate Judge's Questionnaire (MJQ). Plaintiff returned the MJQ on January 11, 2008. His answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3] Although Plaintiff premises this action in part on the Federal Food, Drug, and Cosmetic Act (FFDCA), 21 U.S.C. §§ 332 through 334, that statute provides no private cause of action. *See* 21 U.S.C. § 337 (providing that all proceedings for enforcing or restraining violations of the FFDCA will be by the United States or an individual state).

stating that fluoride is "good for one's teeth" so as to induce people to buy it. (*See* Answer to Question 4 of MJQ.) He also claims that P&G has caused him extreme mental distress because (1) like most other people, he does not read labels on toothpaste; (2) although he had perfect teeth, his teeth started falling out; (3) his hair has fallen out; and (4) his daughter is forty years old and bald. (*See* Answer to Question 10 of MJQ.) According to Plaintiff, fluoride is known to cause such problems. (*Id.*) Plaintiff does not identify how he has been damaged by the alleged gross negligence but instead relies on the doctrine of res ipsa loquitur to support such claims. (*See* Answer to Question 11 of MJQ.) Plaintiff seeks monetary damages and injunctive relief. (Compl. at 6.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). The statute provides for *sua sponte* dismissal of the complaint, "or any portion thereof," if the Court finds the action "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The alleged facts must "raise a right to relief above the speculative level." *Id.* A failure to comply with Fed. R. Civ. P. 9(b)

may result in a dismissal for failure to state a claim upon which relief can be granted. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

## A. <u>Fraud</u>

Plaintiff alleges that P&G committed unspecified fraud against him regarding fluoride in its toothpaste. (*See* Compl. at 1-2, 6.) Because Plaintiff's fraud allegations lacked the specificity required by Fed. R. Civ. P. 9(b), the Court asked him to state with particularity the circumstances of the alleged fraud. Plaintiff's brief response merely indicates that P&G made a false material representation that fluoride is "good for one's teeth" so as to entice him to purchase its toothpaste. (*See* Answer to Question 4 of MJQ.) He speculates that his loss of hair and teeth can be attributed to P&G because "fluoride is known to cause these problems". (*See* Answer to Question 10 of MJQ.) He nevertheless concedes that his dentist found no reason for his tooth loss. (*See id.*) He also states that "[e]very single person has massive amounts of toxin poison material in their body causing illness and disease, and fluoride is the worst." (*Id.*)

To state a cause of action for fraud under Texas law, Plaintiff must allege sufficient facts to show that (1) Defendant made a material representation which was false when made; (2) when the representation was made, Defendant knew it was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) Defendant made the representation with the intent that Plaintiff should act upon it; (4) Plaintiff actually and justifiably relied on the representation; and (5) Plaintiff thereby suffered injury. *Ernst Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Furthermore, to satisfy Rule 9(b)'s particularity requirements for allegations of fraud, Plaintiff must allege at a minimum "the 'who, what, when, where, and how' of the alleged fraud." *United*

*States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). There is no "license to base claims of fraud on speculation and conclusory allegations." *Id.* (citation omitted). The courts apply Rule 9(b) "with force, without apology." *Williams*, 112 F.3d at 178.

In this instance, Plaintiff merely alleges that "this defendant" committed fraud by stating that fluoride is good for one's teeth. The failure to comply with Rule 9(b) provides an adequate basis to dismiss the fraud claim for failure to state a claim upon which relief can be granted.

Moreover, Plaintiff has failed to allege sufficient facts to state a claim for fraud under Texas law. He cannot succeed on such claim without connecting his alleged injury to the alleged misrepresentation by P&G. Plaintiff's own allegations show that the cause of his injuries is speculative at best. Additionally, Plaintiff does not allege that he actually purchased toothpaste from P&G based upon the alleged misrepresentation regarding fluoride. Although the claim appears to be premised on an allegation that the representation was false when made and made with an intent that Plaintiff act on it, Plaintiff completely fails to allege that P&G knew it was false when made or that P&G recklessly made the statement without knowledge of its veracity.

Because Plaintiff's allegations do not raise a right to relief above the speculative level, his fraud claim is not plausible on its face, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**B. Gross Negligence**

Plaintiff also sues P&G for gross negligence arising from the use of fluoride in its toothpaste. (Compl. at 1-2, 6.)

To state a claim for negligence under Texas law, a plaintiff must allege facts to show (1) that defendant owes him a legal duty; (2) the defendant breached that duty, and (3) the breach proxi-

mately caused damages to the plaintiff. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). To state a claim for gross negligence under Texas law, a plaintiff must also allege facts to show two additional elements: (1) that from the defendant's standpoint, the alleged negligent act or omission involved "an extreme degree of risk, considering the probability and magnitude of the potential harm to others," and (2) the defendant had "actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference of the rights, safety, or welfare of others." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). Extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Id.* A defendant has the requisite actual awareness when it "knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.*

Plaintiff's gross negligence claim against P&G fails for at least two reasons. First, Plaintiff's allegations do not show that any act or omission of P&G proximately caused damages to Plaintiff. His allegations do not raise a right to relief above the speculative level. Second, his factual allegations do not show the requisite extreme degree of risk necessary to succeed on a gross negligence claim. In the absence of such showing, the claim lacks an arguable basis in fact.

Plaintiff attempts to rely on the doctrine of res ipsa loquitur to show that P&G proximately caused his damages. (*See* Answer to Question 11 of MJQ.) Under Texas law, the doctrine requires that the condition in question be under the exclusive control of the defendant and that alternative causes for the damages have been ruled out. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753-54 (5th Cir. 2000). Plaintiff's allegations do not rule out alternate causes for the hair and tooth loss. Instead, he suggests at least two alternate causes – fluoride from sources other than P&G and other toxins within every person. Plaintiff may not rely on the doctrine of res ipsa loquitur.

For all of these reasons, Plaintiff's claim of gross negligence should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**C. Extreme Emotional Distress**

Plaintiff also claims that P&G has caused him extreme emotional distress. (Compl. at 6.) For the most part, this claim merely appears to be the damage component of his fraud and gross negligence claims. Because Plaintiff's fraud and gross negligence claims fail to entitle Plaintiff to relief, P&G is not liable for any alleged extreme emotional distress premised on those claims.

The possibility exists that Plaintiff intended this claim to stand on its own as a claim for intentional infliction of emotional distress. To succeed on such claim under Texas law, Plaintiff must allege facts that show that (1) P&G acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). For P&G's conduct to be sufficiently extreme and outrageous, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (citation and internal quotation marks omitted).

In this instance, Plaintiff's factual allegations do not show sufficiently extreme and outrageous conduct on the part of P&G. Placing fluoride in toothpaste does not go beyond all bounds of decency. Such action is not regarded as atrocious and utterly intolerable in a civilized community. To the extent Plaintiff raises a claim of intentional infliction of emotional distress, such claim lacks an arguable basis in fact, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 23rd day of February, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE